IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL L. CARTWRIGHT, *et al.*, | } } } | |
| Plaintiffs, | } } | CIVIL ACTION NO. |
| v. | } } | 99-AR-1227-S |
| CAPSTEAD MORTGAGE CORP., | } } } | |
| Defendant. | } | |

**ENTERED**
**JUL - 5 2000**

**MEMORANDUM OPINION**

The court has before it a motion filed on May 19, 2000, by plaintiffs, Darrell L. Cartwright and Susan O. Cartwright, ("Cartwrights" or "plaintiffs"), for leave to amend their already elaborate complaint against defendant, Capstead Mortgage Corporation ("defendant" or "Captstead"), to add a RICO count.

In their original complaint, the Cartwrights invoke Rule 23, F.R.Civ.P., seeking to represent a nationwide class of persons similarily wronged by Capstead. On August 13, 1999, the parties filed the report of their planning meeting conducted pursuant to Rule 26, F.R.Civ.P. That report purposed deadlines commensurate only with an action brought by two plaintiffs as individuals and not as class representatives. It did not recognize the unequivocal requirement of Rule 23(c)(1) that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is so maintained." It gave

1

this court no hint as to when or if a class determination hearing should be held. From that time to this, plaintiffs have not sought an amendment of the scheduling order entered by this court on August 17, 1999, insofar as that order provided that a final pretrial conference will be held after June 1, 2000, and that the case will be tried on the merits after August 1, 2000. In other words, if the unamended scheduling order is to be honored, a final pretrial conference could already have been held and the case could be set for trial next month. Obviously, there can be no final pretrial conference and no trial of a class action without a class having been defined, certified, and notified.

On December 15, 1999, the Cartwrights moved for an extension until January 15, 2000, of the December 15, 1999, deadline for amending their complaint. Capstead did not oppose this requested extension, and on December 16, 1999, this court granted it. No other motion has been filed seeking an extension of the deadline for amending the complaint, that is, unless such a motion is implicit in the Cartwrights' belated motion for leave to amend now under consideration.

By order entered by a Magistrate Judge on May 30, 2000, the deadline for completing discovery was extended to June 17, 2000, and the deadline or filing dispositive motions was extended to June 22, 2000. On joint motion of the parties, these two deadlines have again been extended, respectively, to July 17, 2000, and July 22,

2000.

During the oral hearing in chambers on June 29, 2000, the Cartwrights argued, despite the fact that they have never sought a class determination hearing, and despite the fact that their present motion does not even bear the style of a putative class action, that they have not abandoned their interest to represent a class. Capstead apparently concedes this point, despite the clear requirement of Rule 23(c)(1), because in the current joint motion for extension of the discovery and dispositive motion deadlines, the parties **jointly** describe the case as "a complex class action."

If Rules 26 and 16 are to have meaning and are to be taken seriously, the scheduling order entered pursuant to those rules and pursuant to the actual agreement of the parties, is due to be enforced unless exceptional circumstances are presented. This court does not find any exceptional circumstances in this case. Not only is the proposed amendment presented four months after the deadline, already once extended, and with no further extensions even requested, but, equally importantly, to allow this amendment would assure that all other deadlines previously extended will have to be substantially pushed back again. While the court harbors considerable doubt as to whether the proposed RICO count states a claim upon which relief can be granted under RICO, the court does not base its denial of plaintiffs' motion for leave to amend on such a conclusion, but rather in order to enforce the scheduling

3

order and to avoid the prejudicial effect on Capstead of allowing the introduction at this stage of a new cause of action, especially in a putative class action.

In its separate order, the court will preserve the right of putative class members except the Cartwrights to pursue any RICO claims they may have.

DONE this ___6th___ day of July, 2000.

                                              WILLIAM M. ACKER, JR.
                                              UNITED STATES DISTRICT JUDGE